UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| STEFFANY BRUNA RODRIGUES DE OLIVEIRA, <br><br> Petitioner <br><br> v. <br><br> KEVIN JOYCE, et al., <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) No. 2:25-cv-00291-LEW |

## ORDER OF DISMISSAL

In this habeas matter, Petitioner Steffany Bruna Rodrigues De Oliveira challenged the constitutionality of her detention under the Immigration and Nationality Act (INA) in the absence of a bond hearing. Petitioner achieved initial success, specifically an order that the Government provide her with a bond hearing and justify her continued detention pending removal proceedings or else release her from its custody. Order on Petition for Writ of Habeas Corpus (ECF No. 22). Subsequent to that Order, Petitioner received the requested hearing and the assigned immigration judge denied bond, concluding that the Government carried its burden of demonstrating that Petitioner should be detained as a danger to the community. In light of that development, and in light of Petitioner's failure to press any further claim of entitlement to habeas relief, I issued an Order to Show Cause (ECF No. 25) why the matter should not be dismissed.

Petitioner responded to the Order to Show Cause with the assertion that the bond hearing was undermined by "procedural irregularities and fundamental unfairness." Pet.

1

Response to OSC at 1 (ECF No. 26).  More particularly, she maintains that the Government was permitted to submit new documentation at the hearing, resulting in a continuance.  *Id.* at 2.  In addition, she contends that the denial of bond was improper because she "demonstrated that most of her police history was linked to her being a victim of domestic violence, and that she has no convictions," and because the immigration judge "made a generalized finding of 'danger to the community' without addressing the specific evidence presented."  *Id.*  Lastly, Petitioner claims that she continues to be subject to "indefinite detention" even though she has an appeal pending before the Bureau of Immigration Appeals.  *Id.*

This Court lacks the jurisdiction to award relief to Petitioner by means of a habeas order that directly reviews the immigration judge's bond determination.  *See* 8 U.S.C. §§ 1226(e), 1252(a)(2), 1252(b)(9).  Most pointedly, section 1252(b)(9) "consolidate[s] and channel[s] review of *all* legal and factual questions that arise from the removal of an alien into the administrative process, with judicial review of those decisions vested exclusively in the courts of appeals."  *Aguilar v. U.S. Immigration & Customs Enforcement*, 510 F.3d 1, 9 (1st Cir. 2007).[1]  Consequently, even if it is assumed that Petitioner has raised legitimate questions of procedural irregularities and fundamental unfairness, those

---

[1] Section 1252(b)(9) reads:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order under this section.

8 U.S.C. § 1252(b)(9).

questions are now consolidated and channeled into the administrative review process that might conclude in judicial review by the Court of Appeals and they are not properly before this Court. *See, e.g., Goncalves Nunes v. Joyce*, No. 2:25-cv-00357-JAW, 2025 WL 2772578, at *5 (D. Me. Sept. 29, 2025) (similarly rejecting on jurisdictional grounds due process and error-based habeas challenges to an immigration judge's bond determination). Nor do I find that Petitioner is subject to indefinite detention given the pendency of removal proceedings and the availability of administrative and judicial review under the INA.

Because Petitioner has already obtained what limited habeas relief this Court had the jurisdiction to award, and because Petitioner's response to the Order to Show Cause raises only matters that are consolidated and challenged into the INA review process, this habeas matter has run its course and is hereby DISMISSED.

SO ORDERED.

Dated this 14th day of October, 2025.

/s/ Lance E. Walker
Chief U.S. District Judge